# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOSEPH HOWARD YENNIE,<br><br>    Petitioner,<br><br>vs.<br><br>BRIAN D. GARDNER and LINN COUNTY, IOWA,<br><br>    Respondents. | No. 19-CV-0111 CJW<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

This matter is before the Court pursuant to Joseph Howard Yennie's pro se filing (Doc. 1) "invoking the common law petition for writ of habeas corpus." Yennie ostensibly filed the petition on behalf of Michael Strain.[1] The petition was originally filed in the District of Minnesota. On October 1, 2019, the Minnesota District Court entered an order (Doc. 3) transferring the case to this district. The clerk's office docketed the petition as one brought pursuant to 28 U.S.C. § 2254, since state authorities are named as the respondents.

Strain recently filed a very similar petition in this district. 19-CV-0090 CJW, Doc. 1. The Court denied that petition, stating:

> Petitioner appears to be making some type of 'common law' claim that the government does not have authority to prosecute him. *See Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (discussing Sovereign Citizen ideology), *United States v. Hart*, 545 F. Supp. 470, 474 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983) (discussing Common Law groups); *see also Michelle Theret, Sovereign Citizens: A Homegrown Terrorist Threat and Its Negative Impact on South Carolina*, 63 S.C. L. Rev. 853, 861 (2012). In his filing, petitioner states "[p]etitioner is a non-corporate live man and not subject to corporate rules, regulations or statutes . . ." Doc. 1 at 1.

_____

[1] Strain is a criminal defendant awaiting trial in case 11-CR-2039 CJW.

> To the extent petitioner is attempting to file a habeas petition pursuant to 28 U.S.C. § 2254, he failed to pay the required filing fee and the above captioned case is **dismissed** without prejudice. *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee). The clerk's office is directed to note this denial on petitioner's criminal docket.

19-CV-0090 CJW, Doc. 2 at 1-2. The Court also stated:

> To the extent petitioner is moving to dismiss the indictment in his criminal case, he must file a motion in that case. To the extent petitioner is attempting to file a motion pursuant to 28 U.S.C. § 2255, a habeas petition pursuant to 28 U.S.C. § 2241 or a claim for damages pursuant to 42 U.S.C. § 1983, his pro se filing is too vague to be properly construed by this Court.

19-CV-0090 CJW, Doc. 2 at 2.

In this case, Strain paid the $5.00 filing fee.[2] However, the substance of the motion is a collection of nonsensical sovereign citizen dogma such as, "[p]risoner is a non-corporate live man and not subject to corporate rules, regulations or statutes not in pursuance of the law of the land as established by the Organic Constitution," and "Michael Duane: of the Strain Family is 'not property belonging to the United States.'" Doc. 1 at 1-2. It is impossible for the Court to make any meaningful analysis of those statements. Suffice to say, Strain is not being held pursuant to a judgment of the State of Iowa or any subdivision thereof, so relief pursuant to 28 U.S.C § 2254(a) is not appropriate. Accordingly, the petition (Doc. 1) is **denied**.[3] A certificate of appealability

---

[2] The Court assumes, without deciding, that Yennie can file a petition on Strain's behalf. The Court will consider Strain the actual petitioner.

[3] *See* Rules Governing § 2254 Cases, Rule 4, stating:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

shall not issue. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *see also Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

Finally, in a recent order in Strain's criminal case, the Court warned Yennie that he may be subject to sanctions if continues to file frivolous motions.

> The Court also cautions Yennie that continuing to file frivolous motions may result in the Court imposing monetary sanctions against him. *See, e.g., Kurkowski v. Volcker*, 819 F.2d 201, 203-04 (8th Cir. 1987) (upholding sanctions against a pro se litigant for repeatedly filing identical and frivolous claims); *Swanson v. Wilford*, No. 19-CV-117(DWF/LIB), 2019 WL 4575826, at *19 (D. Minn. Aug. 30, 2019) (noting that sanctions may be rendered against pro se litigants with a history of filing frivolous claims); *Urban v. Sells*, No. C14-4025-MWB, 2014 WL 3809977, at *13 (N.D. Iowa Aug. 1, 2014) (noting that pro se litigants have no right to clog the courts with meritless litigation).

11-CR-2039 CJW, Doc. 46 at 2. The Court now extends that warning to both Strain and Yennie and the filing of further pretrial habeas petitions. If they continue to file the same frivolous petitions, the Court will consider sanctions.

**IT IS SO ORDERED** this 10th day of October, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa